## ESTADO LIBRE ASOCIADO DE PUERTO RICO
## TRIBUNAL GENERAL DE JUSTICIA
## TRIBUNAL DE APELACIONES
## PANEL VII

| | | |
|---|---|---|
| **ALEXANDER CUCHI SUÁREZ**<br>RECURRENTE(S)<br><br>V.<br><br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN**<br>RECURRIDA(S) | **TA2025RA00241** | ***REVISIÓN DE DECISIÓN ADMINISTRATIVA***<br>procedente del<br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN**<br><br>Caso Núm.:<br>**GMA500-163-25**<br><br>Sobre: |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

### R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 24 de febrero de 2026.

Comparece ante este Tribunal de Apelaciones, el señor **ALEXANDER CUCHI SUÁREZ** (señor **CUCHI SUÁREZ**), por derecho propio y litigando como indigente *(in forma pauperis)*, mediante *Mandamus* instado el 12 de septiembre de 2025. En su escrito, argumenta que se le "aplique la Ley Núm. 66 porque cualifica"; y ordenemos la reducción o bonificación que rebaje o aminore su *Sentencia.*

En conformidad con lo dispuesto en la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, este Foro puede "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho [...].[1] En atención a lo anterior, procedemos a disponer sin requerir ulterior trámite.

---

[1] Véase la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 15-16, 216 DPR ____ (2025).

- I -

El señor **CUCHI SUÁREZ,** quien se encuentra bajo la custodia del **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR),** está cumpliendo pena en la Institución Guayama 500 en Guayama, Puerto Rico.

El 31 de marzo de 2025, el señor **CUCHI SUÁREZ** presentó una *Solicitud de Remedio Administrativo* ante la División de Remedios Administrativos del **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)**.

Más tarde, el 12 de septiembre de 2025, el señor **CUCHI SUÁREZ** interpuso su *Mandamus*. El 25 de septiembre de 2025, intimamos *Resolución* requiriendo presentar y/o suministrar copia fiel y exacta del(de los) siguiente(s) documento(s): *Respuesta al Miembro de la Población Correccional* así como cualquier otro documento concerniente a su reclamación. Al día de hoy, el señor **CUCHI SUÁREZ** **no** ha comparecido.

- II –

- A – *PERFECCIONAMIENTO DE LOS RECURSOS ANTE EL TRIBUNAL DE APELACIONES*

Nuestro ordenamiento jurídico reconoce a todo ciudadano el derecho estatutario a recurrir de las decisiones de un organismo inferior.[2] Empero, este derecho está sujeto a las limitaciones legales y reglamentarias pertinentes, entre ellas, su correcto perfeccionamiento. Los requisitos aplicables sobre el perfeccionamiento de un recurso de apelación o discrecionales están contenidos en el Reglamento del Tribunal de Apelaciones; la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003; y en las Reglas de Procedimiento Civil de 2009. Nuestro Tribunal Supremo ha establecido que los litigantes y/o representaciones legales deben observar rigurosamente las disposiciones reglamentarias sobre el perfeccionamiento de sus recursos dado a que su cumplimiento no puede quedar a su arbitrio.[3] Ello a los fines de que los tribunales revisores estén en posición de ejercer adecuadamente su función, toda vez que el

---

[2] *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 590 (2019).
[3] *Isleta v. Inversiones Isleta Marina, supra,* pág. 590; *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013).

incumplimiento de dichos mandatos impide tener de un expediente completo y claro para delimitar la controversia ante su consideración.[4]

Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado. El incumplimiento con los requerimientos establecidos en el Reglamento de un tribunal apelativo puede servir de fundamento para la desestimación del recurso.[5]

Más aún, el Alto Foro expresó que como regla general se suele desestimar recursos por tener apéndices incompletos cuando esa omisión no permite penetrar en la controversia o constatar la *jurisdicción* del tribunal.[6] Señaló que la política de acceso a la justicia contenida en la Ley de la Judicatura de 2003, no es sinónimo de anarquía, permitiendo el incumplimiento rutinario con las Reglas de Procedimiento Civil de 2009 y los Reglamentos de los tribunales.[7] Ciertamente, la Ley de la Judicatura de 2003 tuvo como uno de sus propósitos hacer más accesible la justicia apelativa a la ciudadanía, flexibilizando los procesos apelativos, sin embargo, ello no supuso dar al traste con los **requisitos mínimos exigidos** para atender ordenadamente los recursos que se presentan ni mucho menos pretendió eliminar los términos jurisdiccionales. "Actuar en contravención de ello, es no apurar adecuadamente cual fue el verdadero alcance de la Ley de la Judicatura de 2003."[8] Como vemos, el incumplimiento con las Reglas de los tribunales apelativos puede impedir la revisión judicial.[9]

Además de lo anterior, la Regla 59 de nuestro Reglamento dispone todo lo relacionado al contenido que deberá tener todo recurso de *revisión de decisión administrativa*. A esos efectos, la precitada Regla, en lo pertinente, instituye lo siguiente:

> El escrito de *revisión* contendrá:
> (A) Cubierta
> [...]
> (C) Cuerpo

---

[4] *Id.*
[5] *Morán v. Martí,* 165 DPR 356 (2005).
[6] *Vázquez Figueroa v. E.L.A.,* 172 DPR 150 (2007).
[7] 4 LPRA § 24a. *Morán v. Martí, supra; Gran Vista I. v. Gutiérrez y otros,* 170 DPR 174 (2007).
[8] *Morán v. Martí, supra,* pág. 369.
[9] *Montañez Leduc v. Robinson Santana,* 198 DPR 543, 549-550 (2017).

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a) En la comparecencia, el nombre de los recurrentes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

(c) **Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión. [....]**

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) **Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.**

(f) **Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable**.

(g) La súplica.

[..]

(3) En caso de que en el recurso de revisión se plantee alguna cuestión relacionada con errores en la apreciación de la prueba o con la suficiencia de esta, la parte recurrente procederá conforme se dispone en la Regla 76.

[...]

(E) Apéndice

(1) El recurso de revisión incluirá un apéndice contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

[...]

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a esta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

[...]

(2) El tribunal podrá permitir, a petición del recurrente en el recurso, en moción o *motu proprio*, a la parte recurrente la presentación de los documentos a que se refiere el subinciso (1) con posterioridad a la fecha de la presentación del recurso de revisión, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que los documentos.

[...][10]

---

[10] Véase la Regla 59 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 83-87, 216 DPR ____ (2025).

### - B - *JURISDICCIÓN*

La *jurisdicción* es el poder o autoridad de un tribunal para considerar y decidir casos y controversias.[11] En consecuencia, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una controversia.[12]

Es por ello, que los tribunales deben ser celosos guardianes de su *jurisdicción* dado que los asuntos relacionados con esta son privilegiados y deben atenderse con prioridad.[13] Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[14]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: *"(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa de los procedimientos, a instancia de las partes o por el tribunal motu proprio".*[15]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), *"adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre".*[16] En

---

[11] *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69; *FCPR v. ELA et al.,* 211 DPR 521 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394 (2022).
[12] *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385 (2020).
[13] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 267- 268 (2018).
[14] *FCPR v. ELA et al., supra; Cobra Acquisitions v. Mun. Yabucoa et al., supra; Allied Mgmt. Group v. Oriental Bank, supra,* págs. 386- 387; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 499-501 (2019).
[15] *MCS Advantage v. Fossas Blanco et al.,* 211 DPR 135, 145 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 395 (2022); *Beltrán Cintrón v. ELA,* 204 DPR 89, 101-102 (2020).
[16] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 269 (2018); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873 (2007).

ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[17]

La Regla 83 del Reglamento del Tribunal de Apelaciones, sobre desistimiento y desestimación, faculta a este Tribunal para que desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en los incisos (B) y (C).[18]

- III –

En el caso que nos ocupa, el 12 de septiembre de 2025, el señor **ALEXANDER CUCHI SUÁREZ** entabló un *Mandamus.* Su petición incumple de forma crasa con los requisitos reglamentarios indispensables.[19] En otras palabras, carece de un apéndice completo que incluya copia de: (i) la orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren; y (ii) cualquier otro documento que forme parte del expediente original en la agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia. Ello en clara contravención a las disposiciones de la Regla 59 del Reglamento del Tribunal de Apelaciones. Además de carecer de una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso; no se señala(n) de forma breve y conciso el error o los errores que a juicio del señor **CUCHI SUÁREZ** cometió el organismo, agencia o funcionario recurrido; ni se discute(n) el error o los errores señalado(s), incluyendo las disposiciones de ley y la jurisprudencia aplicable. El(Los) documento(s) omitido(s), requerido(s) por la Regla antes mencionada, nunca fueron

---

[17] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo*, *supra*.

[18] Véase la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 116-118, 215 DPR ____ (2025). Dichos incisos leen: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico" y "(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. El tribunal no pierde jurisdicción por el incumplimiento de una parte con un requisito reglamentario que no es de naturaleza jurisdiccional o de cumplimiento estricto".*

[19] Solamente presentó copia de su *Solicitud de Remedio Administrativo*.

presentados. Ante la ausencia de apéndice completo, no obran en los autos copia de todos los documentos esenciales que nos permitan determinar si ostentamos *jurisdicción* para atender los méritos de la controversia. Por ende, estos incumplimientos nos privan de *jurisdicción* para atender la(s) controversia(s) planteada(s) y procede la **desestimación** del caso.

### - IV -

Por los fundamentos antes expuestos y en conformidad con la Regla 83(C) del Reglamento del Tribunal de Apelaciones, **desestimamos,** por falta de *jurisdicción,* la revisión incoada el 12 de septiembre de 2025 por el señor ALEXANDER CUCHI SUÁREZ; y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente.**

**Notifíquese al(a la) señor(a) ALEXANDER CUCHI SUÁREZ quien se encuentra bajo la custodia del DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR) a: Institución Guayama 500 Edif. CA Celda 191 PO Box 10005 Guayama, PR 00785 o en cualquier institución en donde se encuentre.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones